```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT
```

Dean Michael Gero,              :
    Plaintiff,              :
                            :
    v.                      :     File No. 1:07-CV-102
                            :
Mimi Brill, State of            :
Vermont Office of the           :
Public Defender,                :
    Defendant.              :

<u>ORDER</u>
(Paper 1)

Plaintiff Dean Gero, proceeding *pro se*, seeks to file a complaint claiming that he was slandered by an attorney in the Vermont Office of the Public Defender.  Gero may also be bringing claims against another lawyer, although the nature of these claims is unclear.  Currently pending before the Court is Gero's request for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Gero has also submitted an affidavit that makes the showing required under § 1915(a).  Accordingly, his request to proceed *in forma pauperis* is GRANTED.  28 U.S.C. § 1915(a).

When a court grants an application to proceed *in forma pauperis*, 28 U.S.C. § 1915 mandates that the court conduct an initial screening to ensure that the complaint has a legal basis.  <u>See</u> 28 U.S.C. §§ 1915(e)(2), 1915A(a).  A court must dismiss the complaint *sua sponte* prior to ordering the issuance and service of process if it determines that the allegations of poverty are untrue, or that the complaint is

(1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  An action is "frivolous" when either: "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy;" or "the claim is 'based on an indisputably meritless legal theory.'"  Nance v. Kelly, 912 F.2d 605, 606 (2d Cir. 1990) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In this case, Gero claims that defendant Mimi Brill called him a "'pathological liar,'" and that this statement constitutes slander.  He also suggests that Attorney Richard Ammons, Gero's court-appointed lawyer, committed wrongdoing by failing to invite Gero into a meeting with a state court judge, and by failing to inform the judge of "the true injustice of Attorney Brill."  To the extent that Gero's legal claims are clearly identified, the only obvious cause of action is the slander claim.

Slander is a state common law claim.  See Lent v. Huntoon, 143 Vt. 539, 545 (1983).  Absent any indication of diversity jurisdiction, this Court has no jurisdiction to hear such a claim.  Here, there is no diversity, as Gero and the defendant are both residents of Vermont.  Accordingly, the complaint "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B).

2

The Second Circuit has held that " a *pro se* complaint is to be read liberally.  Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991).  In this case, the claim against defendant Brill is clearly one of state law.  If claims are being brought against Attorney Ammons, the nature of those claims is less clear.  Gero initiated his case in federal court, presumably because he believed it involved matters within this Court's jurisdiction.  Because the allegations against Attorney Ammons, if any, are unclear, and in light of the requirement that this Court read the complaint liberally, Gero will be allowed one opportunity to amend his complaint.

Gero may have 30 days to amend the complaint.  Failure to file a timely amendment may result in dismissal of the case.  If Gero files a timely amended complaint, the Court will again conduct the review required by 28 U.S.C. § 1915.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 14th day of May, 2007.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge